UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEANGELO ANTHONY #660099,

    Petitioner,

v.

    Case No. 2:12-CV-251

    HON. ROBERT HOLMES BELL

ROBERT NAPEL,

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

On June 18, 2012, Petitioner Deangelo Anthony filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On August 7, 2012, Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that this action be dismissed. This matter is before the Court on Petitioner's objection to the R&R. (Dkt. No. 6.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner's sole objection is that the Magistrate Judge erred in concluding that the § 2254 petition was time barred by the one year statute of limitations. According to Petitioner, the Magistrate Judge incorrectly concluded that the statute of limitations began running on February 10, 2011. Petitioner contends that the statute of limitations instead began running on June 28, 2011.

The one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's appeal to the Michigan Court of Appeals was denied on December 16, 2010. The Magistrate Judge concluded that Petitioner did not seek further review of the underlying judgment by the Michigan Supreme Court and thus concluded that the limitations period began to run on February 10, 2011, which was when Petitioner's 56 day period for seeking review in the Michigan Supreme Court expired. (Dkt. No. 5, at 3 (citing Mich. Ct. Rule 7.302(c)(2)).) These conclusions were unwarranted. As Petitioner noted in his habeas petition (and as evidenced by a letter attached to his present objection), he filed an application for leave to appeal the decision of the Michigan Court of Appeals on February 9, 2011. (Dkt. No. 1, at ¶ 9(g); Dkt. No. 6, Ex. B.) This application was denied on June 28, 2011. (Dkt. No. 1, at ¶ 9(g); Dkt. No. 6, Ex. C.) Consequently, the statute of limitations did not begin running until June 28, 2011, and the present action, filed on June 18, 2012, is timely. *See* 28 U.S.C. § 2244(d)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's August 7, 2012 R&R (Dkt. No. 5) is **REJECTED**.


Dated: August 20, 2013                     /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE